# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 6, 2004 Session

## IN RE: C.A.H.

**Appeal from the Juvenile Court for Coffee County**
**No. 468-01J     Timothy R. Brock, Judge**

---

**No. M2004-00523-COA-R3-PT - Filed August 18, 2004**

---

Mother appeals termination of her parental rights.  The juvenile court found that Mother was in substantial noncompliance with the permanency plan, that she failed to remedy the persistent conditions that prevented her child's return, and that termination was in the child's best interest.  We affirm.  The record contains numerous extraneous documents that do not pertain to the petition to terminate parental rights or the issues raised on appeal.  The parties and the clerk have a responsibility to abridge the record. Tenn. R. App. P. 8A(c).  Failure to abridge the record may result in a reduction of the juvenile court clerk's fee for the cost of preparing and transmitting the record. Tenn. R. App. P. 40(g).

**Tenn. R. App. P. 3; Judgment of the Juvenile Court is Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Terry D. Gregory, Tullahoma, Tennessee, for the appellant, mother and unknown father of C.A.H.

Paul G. Summers, Attorney General and Reporter; and Juan G. Villasenor, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

### MEMORANDUM OPINION[1]

Mother of a ten year old child appeals termination of her parental rights arguing that the Department of Children's Services failed to prove its case by clear and convincing evidence.  The juvenile court found that Mother was in substantial noncompliance with the permanency plan, that

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

she failed to remedy the persistent conditions in her life that prevented her child's return, and that termination of Mother's parental rights was in the child's best interest.

The child was removed from Mother's residence in August 2001 as a result of a physical altercation between Mother and her live-in companion. The child witnessed portions of the assault and was the one who called the police. When the police arrived they found Mother "knocked out on the floor" with blood "all over the place." It was subsequently ascertained that the child had repeatedly witnessed physical altercations in the home, that she had seen undressed persons in bed with Mother on numerous occasions, and that she, in the company of her mother, watched movies with naked people in them.

The permanency plan was implemented in October of 2001. It required Mother to refrain from violent relationships, that she complete therapy for domestic violence and counseling for drug and alcohol abuse, and that she maintain sobriety. A little over a year later, December 2002, the Department petitioned for the termination of Mother's parental rights. The petition alleged *inter alia* that Mother had not successfully completed mental health counseling addressing abuse and neglect of the child, had not completed alcohol and drug treatment, and had continued in a violent relationship with her companion.

Following a trial which the mother did not attend, the juvenile court terminated Mother's parental rights on the grounds she was in substantial noncompliance with the permanency plan and that she failed to remedy the persistent conditions that prevented her child's return.

There is clear and convincing evidence to support the juvenile court's findings of substantial noncompliance with the permanency plan and that Mother failed to remedy the persistent conditions in her life that prevented her child's return. Specifically, but without going into detail, there was clear and convincing evidence that the violent relationship with her companion continued, that Mother was not seeing her domestic therapist, that she failed to provide proof of attendance at domestic violence classes and alcohol and drug counseling, and that she failed to maintain sobriety. Furthermore, there was proof of one month long drinking binge.

The juvenile court also found that it was in the best interest of the child to terminate Mother's parental rights. There is clear and convincing evidence to support this finding. This is supported by the testimony of the child's therapist and by the child's declarations. It is also supported by the evidence that substantiates the first two grounds.

We further find the evidence so compelling that a Memorandum Opinion pursuant to Tenn. R. App. P. 10 is sufficient for this court to affirm the termination of Mother's parental rights.

This record, like too many others, contains numerous documents that should not be in the record.[2] *See In re M.J.B.*, ___ S.W.3d ___, ___, 2004 WL 769252, at *5-6 (Tenn. Ct. App. 2004). Unlike a dependent-neglect proceeding,[3] wherein the court is to consider the entire record *de novo* on appeal, this court may only consider evidence that has been formally admitted. Tenn. R. Juv. P. 28(c).

Tenn. R. App. P. 24 limits the content of the record on appeal in general. The record for appeals in termination of parental rights cases is further limited by Tenn. R. App. P. 8A(c), which provides:

> In addition to the papers excluded from the record pursuant to Rule 24(a), any portion of a juvenile court file of a child dependency, delinquency or status case that has not been properly admitted into evidence at the termination of parental rights trial shall be excluded from the record.

The limitations on the content of the record in termination cases places additional duties on counsel and the clerk to abridge the record. These limitations are more than an attempt to save paper. This court must limit its review to those documents filed after the filing of the petition for termination, unless subsequently entered into the record - made an exhibit at trial, entered into evidence by stipulation of the parties or by order of the court. It is not proper to include extraneous documents in the record or for this court to consider them on appeal. *See In re M.J.B.*, 2004 WL 769252, at *6. Inclusion of extraneous documents is an unnecessary expense to the parties. Moreover, it adversely impacts this court's ability and duty to expedite appeals of termination of parental rights as required by Tenn. Code Ann. § 36-1-124.[4]

---

[2] "Like many other appeals from decisions to terminate parental rights under Tenn. Code Ann. § 36-1-113, the record in this case contains many extraneous documents that are not properly includable on appeal." *In re M.J.B.*, 2004 WL 769252, at *5-6. This is apparently "due to the notions, particularly entertained by juvenile court clerks, that a termination case is simply a continuation of a dependent-neglect case." *Id.* at *5. The confusion may be due to the mistaken belief that appealing a termination is the same as a *de novo* appeal to the circuit court in a dependent-neglect case. It is not. A "termination of parental rights proceeding is not simply a continuation of a dependent-neglect proceeding. It is a new and separate proceeding involving different goals and remedies, different evidentiary standards, and different avenues for appeal." *Id.* at *5.

[3] Dependent-neglect proceedings, as distinguished from termination proceedings, are intended to be procedurally informal and juvenile courts may receive and rely on all evidence helpful in determining the questions presented, including oral and written reports, even though not otherwise competent in the hearing on the petition. Tenn. Code Ann. § 37-1-129(d). The rules of evidence in a termination proceeding are much stricter. The Tennessee Rules of Evidence and the evidentiary rules in the Tennessee Rules of Juvenile Procedure apply in termination proceedings. Tenn. Code Ann. § 36-1-113(j).

[4] "[T]he appellate court shall . . . expedite the contested termination of parental rights . . . , and such case shall be given priority over all other civil litigation. . . ." Tenn. Code Ann. § 36-1-124(b). "It is the intent of the general assembly that the permanency of the placement of a child who is the subject of a termination of parental rights proceeding . . . not be delayed any longer than is absolutely necessary consistent with the rights of all parties, but that the rights of the child to permanency at the earliest possible date be given priority over all other civil litigation. . . ." Tenn. Code Ann. § 36-1-124(c).

We have addressed this problem in prior opinions. Unfortunately, our efforts have been largely unsuccessful. Tenn. R. App. P. 8A(c) sets forth the requirements for the contents and preparation of the record for termination cases. Tenn. R. App. P. 40(g) provides that the clerk of the trial court shall forfeit the clerk's entire cost of preparing and transmitting the record, or such portion thereof as appropriate, for failure to complete the record on appeal in the manner prescribed. Believing it imperative that we stem the tide of including "the entire file" in order to facilitate the legislative mandate to expedite appeals of termination proceedings and to save the State of Tennessee and other litigants unnecessary costs, we may impose the consequence provided in Tenn. R. App. P. 40(g) for failing to prepare the record in the manner prescribed.[5] We do not, however, believe it is appropriate in this case because the record was filed before Tenn. R. App. P. 8A went into effect and before *M.J.B.* was decided.

This matter is affirmed and remanded to the juvenile court for further proceedings consistent with this opinion. Costs are assessed against Mother.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]We fully recognize that counsel have an affirmative responsibility to abridge the record as well and we have imposed sanctions on counsel when appropriate. Unfortunately, the problems we are now repeatedly experiencing are obviously the result of the "throw in the kitchen sink" philosophy. We can only speculate that this erroneous practice finds its origin in a failure to recognize the very different requirements for compiling the record for appeals of dependent and neglect proceedings as distinguished from appeals from termination of parental rights proceedings.